O
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7041 AHM (PJWx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | FRANKLIN AAA HOLDINGS, LLC v. L.A. CNTY. TAX COLLECTOR, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

    This is a quiet title action brought by Plaintiff Franklin AAA Holdings, LLC ("Franklin AAA" or "Plaintiff") against Defendants Los Angeles County Tax Collector ("the County") and the United States of America ("United States" or "Defendant"), seeking excess proceeds in the amount of $373,185.00 that resulted from the County's tax default sale of Plaintiff's personal property. Compl. ¶ 1-2. Plaintiff initially filed this action in Los Angeles County Superior Court on September 2, 2010, and on September 21, 2010, Defendant United States timely removed the action to this Court based on jurisdiction under 28 U.S.C. § 1444.[1] Now before the Court is Defendant United States's Motion to Dismiss for Lack of Jurisdiction, in that the action was not filed timely or within the statute of limitations.[2] For the foregoing reasons, the Court GRANTS Defendant's Motion.

    The background of this case is as follows. On February 11, 2008, the County of Los Angeles sold a lot of real property in a tax default sale. Compl. ¶ 15. The property had previously belonged to Elba Hobbs Jr., who had deeded it to Albert L. Cooper Mortuary on November 12, 1980. *Compl.* ¶¶ 2, 18. Hobbs passed away on September 1, 1995, and the mortuary corporation subsequently became delinquent in its federal payroll taxes from 1997 through 2001. Compl. ¶ 18; Def.'s Mot., at 3. Beginning November 3,

---

[1] "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the Untied States for the district and division in which the action is pending." 28 U.S.C. § 1444.

[2] Dkt. No. 14.

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7041 AHM (PJWx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | FRANKLIN AAA HOLDINGS, LLC v. L.A. CNTY. TAX COLLECTOR, *et al.* | | |

2001, the Internal Revenue Service filed federal tax liens on the property. Compl. ¶ 19. In April 2009, Plaintiff Franklin AAA acquired an assignment from Hobbs's estate of the Right to Collect Excess Proceeds. Compl. ¶¶ 2, 23-24. Plaintiff claims that based on this assignment document, it is entitled to excess proceeds from the tax default sale under Cal. Code Civ. P. § 760.010, California's quiet title provision. Compl. ¶ 16.

Defendant contends this Court lacks jurisdiction over Plaintiff's causes of action against the United States because Plaintiff did not timely file this action as required by 28 U.S.C. § 2401(a). The Court agrees.

As a sovereign, the United States may not be sued without its consent, and the terms of that consent define the Court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The applicable statute of limitations period is a term of that consent, and the failure to sue the United States within that limitations period "is not simply a waivable defense [but] deprives the district court of jurisdiction to entertain the action." *Nesovic v. United States*, 71 F.3d 776, 777-78 (9th Cir. 1995) (citing *Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990), *cert denied*, 498 U.S. 824 (1990)). "Moreover, because such statutes function as jurisdictional conditions, they must be strictly construed." *Id.* at 778.

The Ninth Circuit has explicitly found that 28 U.S.C. § 2410(a),[3] the statute under which Plaintiff brings this action to quiet title against the United States, is subject to the statute of limitations found in 28 U.S.C. § 2401(a). Section 2401(a) reads, "Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

A plaintiff's right of action first accrues when he or she receives notice of demands

---

[3]"Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1).

O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7041 AHM (PJWx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | FRANKLIN AAA HOLDINGS, LLC v. L.A. CNTY. TAX COLLECTOR, *et al.* | | |

for payment from the government. For example, in *Nesovic*, the Ninth Circuit found Plaintiff's action fell outside the statute of limitations where he filed the action over eight years after a federal tax lien attached to his property. 71 F.3d at 778. The statute of limitations began to toll, and plaintiff's right of action "first accrued," when unpaid taxes were assessed on plaintiff's property and where "timely notices and demands for payment were properly sent to him as required by IRC § 6303(a)." *Id. See also Macklin v. United States*, 300 F.3d 814, 821 (7th Cir. 2002) (Plaintiff brought the action against the United States over six years after his cause of action accrued, where, more than six years earlier, the IRS filed a notice of federal tax lien in the office county register of deeds and notified plaintiff of its actions in writing.).

     Here, Defendant United States filed several Notices of Federal Tax Lien with Elba Hobbs's estate and the Los Angeles County Recorder, the earliest on November 13, 2001. *See* Compl. ¶ 19; Not. of Removal ("NOR"), Exh. A, at 25. Plaintiff claims that "the IRS cannot be deemed to have asserted any lien interest in the Property prior to July 18, 2008, when the IRS Demand was submitted to the County." Pl.'s Opp., at 7. *See also* NOR, Exh. A, at 23; Compl. ¶ 20 (July 2008 IRS submission to the County). However, Plaintiff has not provided any case law to support its argument that an IRS lien accrues only when it is filed with the county. Pl.'s Opp., at 7. Moreover, Plaintiff does not present any arguments supporting the application of principles of equitable tolling or estoppel. *See Nesovic*, 71 F.3d at 778 (plaintiff's lawsuit, if not timely, is barred, "*unless* he can find a recognized reason to avoid this result," including equitable tolling and estoppel) (emphasis in the original). As such, Plaintiff's September 10, 2010 filing against the United States was untimely, and this Court does not have jurisdiction over the claims against the United States.

     For the foregoing reasons, the Court GRANTS Defendant's Motion and dismisses the case as to Defendant United States of America.

     Because the United States is no longer a party to this action, the Complaint does not present a valid federal question as it did initially under 28 U.S.C. § 1444. As such, there are no claims remaining that necessarily depend on resolution of an actual and disputed federal issue. The Court declines to exercise supplemental jurisdiction under

O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7041 AHM (PJWx) | Date | January 19, 2011 |
|---|---|---|---|
| Title | FRANKLIN AAA HOLDINGS, LLC v. L.A. CNTY. TAX COLLECTOR, *et al.* | | |

28 U.S.C. § 1367 over the remaining state law claim of quiet title, and accordingly *sua sponte* REMANDS the claim to Los Angeles County Superior Court.

No hearing is required. Fed. R. Civ. P. 78; Local Rule 7-15.

:

Initials of Preparer